

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0967-15

## GENARO GALVAN ACOSTA, JR., Appellant

### v.

### THE STATE OF TEXAS

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
LIVE OAK COUNTY**

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, YEARY, and NEWELL, JJ., joined. JOHNSON, J., filed a concurring opinion in which ALCALA, J., joined. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

A jury convicted Genaro Acosta, Jr. of possession of fifty pounds or less but more than five pounds of marihuana and sentenced him to twelve years' imprisonment. The Thirteenth Court of Appeals held that there was insufficient evidence to support the verdict and rendered a judgment of acquittal. Because the cumulative evidence supports the verdict, we reverse the court of appeals' judgment and reinstate the conviction.

## I.

Acosta was driving in Live Oak County when Officers Jose Prado and Raul Garcia pulled him over for speeding. During the stop, Acosta was unusually nervous and talkative. When the officers had him step out of the car, Acosta began to fidget. According to Officer Garcia, Acosta's behavior was abnormal. When Acosta and his wife were questioned separately, they gave inconsistent answers to basic questions like who owned the car, why they were traveling, and how long they would be gone.

Additionally, the officers suspected Acosta of drug trafficking based on the following circumstances. First, the car belonged to a third party. Second, the car key was the only one on the key ring. Third, Acosta was carrying $300, a large amount considering he and his wife were both unemployed. According to the officers, these circumstances were consistent with drug trafficking.

With Acosta's consent, the officers searched the car. Under the visor and in the trunk, they found an herb that is generally carried for good luck. A Santa Muerte charm, often carried by drug traffickers, was found in Mrs. Acosta's purse. The spare tire, which sat under the car, had oil on it and was unusually clean. Oil acts as a lubricant and primes the tire so it will slip on to the rim. Based on the oil and the cleanliness, Officer Prado determined that the spare tire had recently been placed on the rim. Officer Garcia

testified that there were tooling marks under the spare tire, which indicated that the tire had recently been lowered. The officers cut open the spare tire and found 24.48 pounds of marihuana.

The officers confronted Acosta about the drugs. Acosta responded to the officers in Spanish, and his statement was translated twice, first by Officer Prado and then by an interpreter, Enrique Ramirez. According to Officer Prado, Acosta said "If I take the fall will you let [my family] go." Interpreter Ramirez translated the statement as "I'll give myself up if you don't arrest my family."

A jury convicted Acosta of possession of fifty pounds or less but more than five pounds of marihuana. On appeal, the court of appeals held that there was insufficient evidence to prove Acosta exercised control, management, or care over the marihuana, reversed the conviction, and rendered an acquittal.[1] The court determined that the evidence established Acosta was driving the car, but because the car was borrowed, affirmative links were required.[2] The court then discussed missing evidence that, in its view, would have served as affirmative links.[3]

We granted the State's petition for discretionary review to evaluate the court of

---

[1] *Acosta v. State*, No. 13-14-00415-CR, 2015 WL 4235132, *1 (Tex. App.—Corpus Christi Feb. 24, 2016) (not designated for publication).

[2] *Id*. at *4.

[3] *Id*. at *5.

appeals' sufficiency analysis.

## II.

In a sufficiency analysis, all evidence is reviewed in the light most favorable to the verdict.[4] Any conflicting inferences are resolved in favor of the verdict.[5] If a reasonable jury could find the defendant guilty based on the evidence, then we must affirm the verdict.[6] To support Acosta's conviction, the evidence must show that (1) he exercised control, management, or care over the marihuana and (2) he knew it was contraband.[7]

The court of appeals correctly identified the standard of review, but misapplied it in two ways.[8] First, the court performed a "divide and conquer" analysis.[9] We have rejected the "divide and conquer" analysis in legal sufficiency questions, and determined that the correct analysis considers whether the evidence as a whole supported the verdict.[10] Second, the court focused on evidence that was missing but, in its view, could

---

[4] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[5] *Id.*

[6] *Id.*

[7] *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

[8] *Acosta*, 2015 WL 4235132, at *3.

[9] *Id.* at *5-6.

[10] *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011).

have provided affirmative links.[11] The focus of a sufficiency analysis is whether the evidence present in the record, and reasonable inferences drawn from it, can support the verdict, and does not consider missing evidence.[12]

The car where the drugs were found was borrowed. Acosta did not have exclusive possession of it. But there are affirmative links that support the verdict. The record shows the following circumstances: (1) Acosta was acting unusually nervous and jittery; (2) he would not stop talking; (3) he and his wife gave inconsistent answers when interviewed separately; (4) he made an arguably incriminating statement; (5) his key ring had only one key; (6) the car was borrowed; (7) although unemployed, he was carrying $300; (8) a Santa Muerte charm was in his wife's purse; (9) herbs used for good luck were found in the car; (10) the spare tire was unusually clean; (11) the spare tire's lubrication indicated it had recently been placed on the rim; and (12) the tooling under the tire indicated it had recently been lowered.

We hold that the cumulative weight of the evidence, along with all reasonable inferences a jury could draw, sufficiently establishes affirmative links that support the verdict. The above circumstances show Acosta exhibiting suspicious conduct and several indications of drug trafficking. Further, the cleanliness of the tire, the oil on the tire, the

---

[11] *Acosta*, 2015 WL 4235132, at *5.

[12] *Jackson*, 443 U.S. at 318-19.

tooling under the tire, and the presence of good luck herbs, which alone might be innocent conduct, together with the other evidence create a reasonable inference of drug trafficking and knowing possession of marihuana.  Based on the above circumstances and resolving all conflicting inferences in favor of the verdict, there is sufficient evidence to convict Acosta of possession of fifty pounds or less but more than five pounds of marihuana.

### III.

We reverse the court of appeals and reinstate the conviction.

DELIVERED: November 23, 2016

DO NOT PUBLISH